The decisive issue has been limited by the parties to whether there was a material and fraudulent alteration of a promissory note by the holder, Central Bank of Alabama (the bank), so as to discharge a co-maker, Mr. Logan.
The bank sued Mr. Logan upon the note, and, by his answer, he sought to avoid liability by averments that the bank altered the note after he had signed it.
The facts, as stipulated in the circuit court by the parties, which are presently pertinent to the issue, were that Mr. Logan co-signed with Wayne Davis a promissory note to the bank. Mr. Davis paid two installments on the note, but, thereafter defaulted in his payments. The facts, as stipulated, further stated:
 The promissory note evidencing said debt was altered by changing the date of the note from June 24, 1976, to July 24, 1976, this alteration being made in three places on said note and the payment date on the note being changed from July 5, 1976, to September 5, 1976, this alteration being made in one place on the note.
The trial court found that such alterations were neither material nor fraudulent. Judgment was rendered in favor of the bank upon the note. Mr. Logan appeals.
The relevant applicable portions of § 7-3-407 of the Code of Alabama 1975, which is § 3-407 of the Uniform Commercial Code, are as follows:
 (1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in:
. . . .
 (c) The writing as signed, by adding to it or by removing any part of it.
 (2) As against any person other than a subsequent holder in due course:
 (a) Alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;
 (b) No other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given.
Under subsection (2)(a) of that Code section, if the bank fraudulently and materially altered the note, Mr. Logan is discharged from liability. There are three elements to this defense. The alteration (1) must have been made by the holder of the note; (2) must have been a material change; and (3) must have been made for a fraudulent purpose.
The stipulation of facts does not implicate the bank, nor any of its officers, agents or employees, in the alteration of the instrument, and that evidentiary void constitutes a fatal flaw in the defense; but the argument of both counsel has been directed to whether the changes in the note were material and fraudulent, and we respond partially thereto, for it is not necessary that the materiality of the alterations be determined, since the changes were not fraudulent.
We find no Alabama case which defines "fraudulent" in connection with UCC § 3-407. Our research pinpoints two cases from sister states that give applicable definition to that term. In Hutcheson v. Herron, 131 Ill. App.2d 409,266 N.E.2d 449 (1970), the court agreed with the Illinois Committee Comments as to that UCC section wherein it was stated: *Page 153 
 The term "fraudulent" probably requires a finding that the alteration has attempted to impose an obligation or obligations upon the maker or other party against whom enforcement is sought additional to his obligation on the instrument at the time he signed it.
Under that UCC section, it has been determined that "fraudulent" requires a dishonest and deceitful purpose to acquire more than one is entitled to under the note as signed by the makers. Thomas v. Osborn, 13 Wn. App. 371, 536 P.2d 8, 88 A.L.R.3d 898 (1975). The alterations in this case do not, per se, fall under these definitions of "fraudulent."
In the official comments to § 7-3-407, it is stated, "Changes favorable to the obligor are unlikely to be made with any fraudulent intent. . . ." The stipulated alterations to the dates in the note in question were to the benefit of the makers, not to the bank. So far as is evident, the bank gained nothing by those changes. We cannot infer fraud from those alterations.
The defense under the statute is not applicable unless the alteration was fraudulent. Because there is no direct evidence of fraud contained in the stipulation of facts, or even any facts from which a proper inference of fraud can be drawn, the defense of alteration must fail. Bank of New Mexico v. Rice,78 N.M. 170, 429 P.2d 368 (1967); Lawler v. F.D.I.C.,538 S.W.2d 245 (Tex.Civ.App. 1976).
The trial court correctly rendered its judgment in this case and we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and the opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.